UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-229-F9
No. 5:12-CV-626-F

VALERIE AMBER SIMMONS,       )
                 Petitioner, )
                             )
v.                           )          O R D E R
                             )
UNITED STATES OF AMERICA,    )
                 Respondent. )

This matter is before the court on the Petitioner's motion to vacate her conviction and

sentence pursuant to 28 U.S.C. § 2255 [DE-421]. The Petitioner, Valerie Simmons

("Simmons"), contends that her counsel coerced her into pleading guilty and that the court

committed a variety of errors when it calculated her sentence under the United States Sentencing

Guidelines. The Government's motion to dismiss [DE-430] is ALLOWED and the petition is

DISMISSED.

**FACTUAL BACKGROUND**

On November 7, 2012, Simmons pled guilty pursuant to a written plea agreement to one

count of conspiracy to possess with intent to distribute 500 grams or more of a mixture or

substance containing a detectable amount of methamphetamine, 21 U.S.C. § 846. Prior to

accepting the plea, the court questioned Simmons under oath about her decision to plead guilty.

Simmons affirmed, among other things, that she understood the charges against her and the

penalties. She affirmed she was voluntarily pleading guilty and nobody had forced or coerced

her in any way to plead guilty. She further affirmed that she understood she was pleading guilty

to an offense that carried a potential life sentence and that the court may impose a sentence up to

the statutory maximum. In the plea agreement, which Simmons signed and agreed to in open

court at her arraignment, Simmons expressly waived her right to challenge her conviction or

sentence under § 2255. The waiver provides,

> The Defendant agrees . . . [t]o waive knowingly and expressly all rights, conferred
> by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues
> that relate to the establishment of the advisory Guidelines range, reserving only the
> right to appeal from an upward departure from the applicable Guideline range that
> is established at sentencing, and further to waive all rights to contest the conviction
> or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C.
> § 2255, excepting an appeal or motion based upon grounds of ineffective assistance
> of counsel or prosecutorial misconduct not known to the Defendant at the time of the
> Defendant's Guilty plea.

Mem. of Plea Agreement [DE-231] at 1-2. The plea agreement also contained a stipulation that

the readily provable drug quantity for purposes of calculating her guideline sentencing range was

between 1.5 and 5 kilograms of a mixture or substance containing a detectable amount of

methamphetamine. *Id.* at 6. At sentencing, the court determined Simmons qualified for the

"safety valve" under 18 U.S.C. § 3553(f) and that Simmons was responsible for 381.5 grams of

pseudoephedrine that was converted into methamphetamine. The court sentenced her to 72

months imprisonment despite the ten-year mandatory minimum. She did not appeal her

conviction.

## I. DISCUSSION

### A. Ineffective Assistance of Counsel

Simmons contends that counsel rendered ineffective assistance of counsel by coercing her

into pleading guilty, failing to sufficiently explain the crime of conspiracy, failing to explain the

nature of the charge against her, and failing to object to the drug weight used to calculate her

2

sentence. The familiar two-pronged *Strickland* test for ineffective assistance of counsel is modified for application in a case involving a guilty plea. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first prong, the petitioner must show that her counsel was incompetent; that is, that her counsel's representation fell below an objective standard of reasonableness. *See id.* at 688 ("performance" prong). The modified second prong ("prejudice" prong) requires a showing that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty, and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Because Strickland requires that both prongs be satisfied, the performance prong need not be addressed if it is determined that the petitioner cannot prove prejudice. *See Strickland*, 466 U.S. at 697.

The alleged facts Simmons offers in support of her ineffective assistance of counsel claims are blatantly contradicted by the statements that she made under oath at her arraignment. As recounted above, at her arraignment Simmons expressly affirmed that nobody coerced her into pleading guilty, and that she understood the nature of the charge against her and the penalties associated with that charge. Except in extraordinary circumstances not present here, Simmons is bound by these statements in a postconviction proceeding. *Little v. Allsbrook*, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). Thus, the court rejects Simmons's claim that she was coerced into pleading guilty by her counsel or that counsel failed to explain the nature of the charge against her because she affirmatively stated at her arraignment that she was not coerced into pleading guilty and that she understood the charge. These ineffective assistance of counsel claims are simply not supported by the record. *See United States v. Kelley*, 242 F. App'x 60, 61 (4th Cir. 2007) ("The record confirms that the district court conducted a thorough Rule 11 hearing,

3

ensuring that Kelley's plea was knowing and voluntary in all respects. Kelley's belated claims that he did not understand the consequences of his plea is belied by the record.").

As to the drug weight issue, Simmons's plea agreement, which she affirmed under oath at her arraignment, contains a stipulation that the drug weight for purposes of calculating her sentencing range was 1.5 to 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine. Simmons was held accountable for 381.5 grams of pseudoephedrine, well below the amount she stipulated to in the plea agreement. Counsel's failure to object to an amount of pseudoephedrine well below the amount Simmons's stipulated to in the plea agreement does not constitute ineffective assistance of counsel. Indeed, an objection on this basis would have been frivolous. This ineffective assistance of counsel allegation is also without merit.

## B. Simmons's Remaining Challenges

Simmons also submitted a fourteen-page memorandum in support of her motion to vacate, most of which simply reiterates the challenges to her guilty plea and sentencing discussed above. These arguments are rejected for the reasons explained above. However, one of her arguments merits further discussion.

In her response memorandum, Simmons notes that "[t]here remains a genuine issue of material fact as to whether she requested that her attorney note an appeal from her conviction or sentence." Resp. [DE-433] at 5. While Simmons is correct that the failure to file an appeal after an unequivocal instruction to do so constitutes ineffective assistance of counsel and entitles a petitioner to § 2255 relief, *see United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007), that is not what Simmons alleges in this case. Simmons states that she "asked her counsel to file an

4

appeal and *[counsel] persuaded Simmons not to follow through.*" Resp. [DE-433] at 4 (emphasis added). Simmons further indicates her counsel informed her that "it was in her best interest [not to file an appeal], considering she had received a below guideline sentence." *Id.* These statements indicate that Simmons discussed her appellate rights with her counsel and accepted counsel's advice that an appeal would not be "in her interests" to pursue, not that she unequivocally instructed her attorney to file an appeal and counsel neglected to do so. Furthermore, Simmons's statements indicate that counsel satisfied her constitutional duty to discuss the advantages and disadvantages to filing an appeal after sentencing. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 & n.4 (4th Cir. 2000); *Miller v. United States*, 150 F. Supp. 2d 871, 880 (E.D.N.C. 2001). That Simmons ultimately decided to take counsel's advice and not pursue an appeal does not mean counsel was constitutionally ineffective.

## CONCLUSION

For the reasons detailed herein, Simmons's § 2255 Motion to Vacate, Set Aside or Correct her Conviction or Sentence [DE-421] is DENIED and the petition is DISMISSED. The Government's motion to dismiss [DE-430] is ALLOWED. The Clerk of Court is DIRECTED to close this case.

## CERTIFICATE OF APPEALABILITY

Having denied Simmons's § 2255 petition, the court must determine if she has made a sufficient showing to entitle her to a Certificate of Appealability pursuant to § 2253(c). Section 2253(c) provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Simmons has not met the standard for issuance of a certificate of appealability. Therefore, a certificate of appealability also is DENIED.

SO ORDERED.

This the _13_ day of August, 2014.

                                         *James C. Fox*
                                    JAMES C. FOX
                                    Senior United States District Judge

6